IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN L. COVERDALE, | § | |
| | § | No. 156, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2006004121 (N) |
| STATE OF DELAWARE, | § | 2003011608 (N) |
| | § | |
| Appellee. | § | |

Submitted: June 29, 2023
Decided: August 15, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the Superior Court's judgment should be affirmed. On July 15, 2021, the appellant, Brian Coverdale, pleaded guilty to manslaughter, possession of a firearm during the commission of a felony, driving under the influence of drugs, and speeding. On October 29, 2021, the Superior Court sentenced Coverdale to an aggregate of twelve years of incarceration followed by decreasing levels of supervision. Coverdale did not appeal his convictions or sentence and, accordingly, his convictions became final thirty days thereafter.[1] On March 24, 2023—more than one year and three months after his convictions became

---

[1] Del. Super. Ct. Crim. R. 61(m)(1).

final—Coverdale filed his first motion for postconviction relief, raising claims of ineffective assistance of counsel. The Superior Court did not abuse its discretion by denying Coverdale's motion for postconviction relief: the motion was procedurally barred as untimely filed[2] and did not satisfy the pleading requirements of Superior Court Criminal Rule 61(i)(5).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Del. Super. Ct. Crim. R. 61(i)(1) (providing in part that "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final").